You may proceed. Good morning and may it please the court. Doug Keller on behalf of defendant Luis Hernandez-Sanches. I'd like to reserve two minutes of my time for rebuttal. The district court committed a reversible error in this case and refused to follow the guideline-drawn distinction between violation warrants and non-violation warrants. According to the plain language of the guidelines, a defendant should receive a criminal history score increase only if there is an outstanding violation warrant from a prior sentence. In other words, if there is a warrant out for his arrest for having violated the terms of his probation, parole, or supervised release from a prior sentence. Here, however, the district court refused to draw this distinction even after it was pointed out to him, saying, quote, a warrant is a warrant. This legal error alone requires reversal. If the district court refused to... Counsel? Go ahead. Yes, your honor. My question is, number one, two questions that are related. Number one, was there an explicit determination by the court that this was a violation warrant? And second, if there wasn't an explicit determination, is there a Rule 32 violation from that, without regard to whether someone could analyze the facts and think that the court implicitly or impliedly decided that it was a violation warrant? Well, the district court certainly didn't explicitly find anything. As far as whether it could have possibly implicitly found the characterization of a warrant, I don't think it did in this case, because even after it was told there's a distinction between violation warrants and non-violation warrants, the judge just said a warrant is a warrant. In fact, if you review the sentencing transcript, he continually talks about a warrant being enough. As far as your second question, whether you could implicitly somehow find that the district court did make this factual finding, I just don't think there's anything in the record to support that. And if it had... My question more went to what the law was. Under Rule 32, I thought we had quite a bit of precedent, saying there has to be strict compliance with Rule 32, and that that would mean if there was a violation that you can't lightly say it's harmless error, and that it might also be mean in some precedent that you can't have implicit... If I understand Your Honor's question, you're asking that you're telling me that there... This court couldn't make... Couldn't find that there was an implicit... You're the appellate's lawyer, so I'm asking you if you're aware of precedent that would say whether or not we could say the court impliedly found something.  I'm not aware of precedent that would say that, Your Honor. But I also don't think this Court needs to reach that question in this case, because the district court simply applied the wrong legal standard to begin with. But if you... Because he applied the warrant as a warranted standard. I'm sorry. Go ahead. I'm sorry, Judge Payne. If the court applied the wrong legal standard, but the facts were sufficient to have established a violation warrant rather than an ordinary warrant, wouldn't that be harmless error? If the record were clear, perhaps, but here it's anything but clear. In fact, it seems like the only evidence of the warrant we have in the record is the PSR's description of the warrant. And according to the PSR, it's... Well, regardless of the type of warrant, this is a sex offender who failed to register. That's correct, Your Honor. And he committed a crime while in the period of time when he should have been registered and wasn't registered. So he was in violation of a term of probation, right? Possibly. But we don't know that from the record. What don't we know from the record? That he wasn't a convicted sex offender? That we know, Your Honor. That he had to register? That we do know, Your Honor. That he didn't register? We know that as well. And the crime he was committed in the period of time when he didn't register. What do we not know from the record? We don't know whether he did commit... We don't know whether he violated his probation. Is one term of his probation to register as a sex offender? Yes, but as I point out in my brief, it's not entirely clear whether he even could have. That's a different matter. Well, that's... I want you to address that in a moment because there's some information that he couldn't possibly register because in Virginia, you have to register in person, right? That's right, Your Honor. And he went from state prison to federal detention. That's right, Your Honor. He was not allowed out on the street where he could register. That's right, Your Honor. So I take your position to be since he has to register in person and he's not at liberty because he's in prison, that to require him to register in person or face the enhancements that we're talking about would be a deprivation of due process. I think that's right, but I don't even think the Court needs to address that thorny issue. The fact of the matter is Virginia was the one who could decide whether to issue a violation warrant or not, and they chose not to. They chose instead to prosecute him for the substantive offense of failing to register. That's not a violation warrant. All right. If the Court has no further questions, I'll reserve the rest of my time for rebuttal. All right. Good morning. Amy Rooney for the United States, Your Honors. The sentencing court had only the pre-sentence report and the guidelines upon which to base its sentence. Due to the defendant pleading guilty pursuant to the fast track program, which the parties jointly recommending a sentence at the low end of the guideline range, neither the government nor the defendant filed extensive sentencing papers. The sentencing court properly relied upon the PSR in this situation, as it was the only information it had when the probation officer recommended the two-point enhancement for Hernandez's criminal history computation. Was there counsel scheduled with a question, please? Yes. So there was an objection to that, right, to the enhancement? There was no formal objection written to the PSR as required by the rules, but he did make an oral objection at the hearing. Okay, so he made an oral objection. Was there an explicit finding by the trial court that there was a violation warrant? By applying the enhancement, Your Honor, with the two points, the government believes that the court did make an explicit finding that it was a violation warrant. Where in the record did the court say, I'm making a finding that it's a violation warrant? The only thing I read, it said a warrant is a warrant. It didn't seem like he was willing to focus on whether it was a violation warrant. Yes, but later he did say a warrant is a warrant, but then later in response to the government's question regarding 3553A factors, the judge said that he had considered all of those things. He had read the PSR and considered the probation report, and it was all in there, with the inference, clear inference being that he had applied the violation warrant or found it to be a violation warrant. So that leads me to the same question I asked your colleague on the other side of the aisle, that is, given the precedents that say that we're supposed to require strict compliance with Rule 32, is there any precedent that says whether or not we can say the judge implicitly made such a determination when he doesn't make it explicitly? Like my counsel on the other side of the aisle, I'm not aware of any precedent either way, Your Honor, but I do think that the inference is clear enough to make it that explicit. He found it to be a violation warrant, and he applied the two additional points to the criminal history. Let me ask you a question that just occurred to me. Does it make any difference whether it's a violation warrant or a regular warrant? Isn't the issue whether the crime was committed while it was under a term of revised release or probation, which act was a violation of his status, regardless whether a warrant issued? I think that's a very fair question, Your Honor, and I note that the comment in the guidelines which describes the kinds of violation warrants is an E.G. It's not an exhaustive list. The defendant here was on the defendant now contends that he had a sentence in Virginia of essentially time served, but that's actually incorrect. He was under a suspended sentence. My suggestion is that whether a warrant issued in the form of a warrant or whether it was a letter from his probation officer that he was in violation because he hadn't registered, would it make any difference if, in fact, he had to register and had not registered? I don't think it would make a difference, Your Honor. I think that the Virginia court had retained jurisdiction over his behavior. He failed to register as required. The suspended sentence condition was explicit, that he registered as a sex offender, and he did not. The PSR even has that sentence proceeding, the sentence where it concludes that it was a violation warrant, was that it had been referred to the Virginia court for violation proceedings. Let me ask you this. What about the impossibility defense, which the term hasn't been used, so I'll explain it. But if it's true that Mr. Hernandez-Sanchez was being held in a Virginia prison and then turned over to federal immigration detention personnel and held in detention, and if it's also true that in Virginia one can't register as a sex offender by using a postcard or an affidavit, but one has to do so in person at the offices of the probation authority, isn't it a pretty good argument that, as applied to him, the requirement violates due process? Well, we don't know if there were any, if he ever made any attempts, if he had ever said to be. I mean, if he made an attempt to be held for trying to break out of jail. I'm sure he could have communicated with his probation officer and said, you know, we need to make some arrangements in order to do this. I don't want to be in violation of the order which just suspended sentence. I'm facing jail time of five years if I don't do this. And moreover, even if he was. The question is not that. The question is if he has to be in person as a registrant and he's not at liberty, how can he register? Okay, so he was deported as of August 17, 2004, to Mexico. We know from the record that he was again deported as of July 16, 2005. So presumably he was at liberty to come back into the United States where he was then found again in the United States. That would be committing another crime, under 1326. So you think he was under obligation to come back, commit a federal crime in order to register as a sex offender in Virginia? Well, Your Honor, I only know in the Southern District of California, defendants that are in Mexico regularly can ask for parole letters into the United States to resolve issues. Is there anything of that sort in Virginia? I thought we were all in agreement that you have to be in person to register in Virginia. I don't think it was. I think there are things that he could have done had it been. You don't agree that you have to be in person to register in Virginia. You think that by communicating with a parole officer and showing extenuating circumstances by telephone or by letter, he can register. Is there anything in the record which so indicates? No, I know there isn't, Your Honor. Well, stick with the record. Now, back to the question. If he's in Virginia prison and then he's turned over to federal authorities, how is he supposed to be able to register in person? Again, Your Honor, I'm not sure what the procedures would have been in Virginia if he'd have been able to make arrangements. On this record, he had to be in person, right? Yes, Your Honor. So if he couldn't register in person because he was being restrained by the federal authorities in an detention center, then the application of this violation of his supervised release would be a violation of due process, wouldn't it? It would seem so, Your Honor. However, I would just revert to my argument in the papers that it wasn't at all clear from the face of the transcript at the sentencing that this objection to the constitutional or due process, a violation of what was required of him under his terms of his suspended sentence, was properly made to the district court. It wasn't properly raised in the district court? Correct. It was that the objection that the ---- There may be some reason to remand it and have them make a finding, have it make a finding. Perhaps, Your Honor. All right. And then I would just point to the statute, the Virginia statute on suspended sentence, that the term of probation as to when or exactly when the warrant at issue was issued, the Virginia court maintained its jurisdiction over the issue, and it could have very clearly was a violation warrant, and that was what the district court found in this case. Okay. Thank you very much. Thank you. Mr. Keller? I'd like to start, Judge Bay, with your question to opposing counsel about, does it matter if it was a warrant or if it was a letter? And it does matter because the guidelines say it matters. According to the plain language of the guidelines, they say that you should have your criminal history score increase only if there's a violation warrant. And I think this is important because normally all a warrant indicates is there's an allegation of wrongdoing. But a violation warrant is different, and it's different because it says you have yet to complete your prior sentence, you have yet to finish your prior parole, and you should take care of that, which is different than a typical misdemeanor warrant, which was issued in this case, which is simply an allegation that my client committed a new crime. And normally we don't increase someone's criminal history score merely on an allegation of criminal wrongdoing. What if it had been a phone call instead of a warrant? Would that make a difference? Yes, it would have because the guidelines ---- According to the sentencing guidelines, there's a specific requirement of a violation warrant? That's what the guidelines say, a violation warrant from a prior sentence. Okay. Does the record, counsel, does the record show this warrant or was it not obtained in time to make it into the sentencing record? It is not in the sentencing record. I myself tried to find it and couldn't find it. The only evidence of the warrant in the record is the PSR description of the warrant as a, quote, misdemeanor warrant issued for failure to register as a sex offender, and that's it. How could the court make a finding about it without looking at it? I think that's an excellent question. I don't think the district court could have, and it didn't, because the district court didn't think it mattered what the warrant was. According to the district court, any warrant, whether it be a violation warrant or a warrant for a new substantive offense triggered a criminal history score increase. So for the district court, it didn't matter. It didn't need to wait. But that, of course, is not what the guidelines say. And, again, it wouldn't make sense simply to increase someone's criminal history score because there's a misdemeanor warrant out because all that says is that there's allegation of criminal wrongdoing. Well, in answer to Judge Gould's question, wasn't this a fast-track plea and it wasn't submitted just on the PSR and the probation report? That's right, Your Honor. So normally the warrant wouldn't be part of that record, but the PSR refers to the violation warrant. That's not necessarily true. We certainly have – my understanding is we certainly have fast-track cases where we order conviction documents and they get there in time. And here the PSR said – But the defendant agreed to a sentencing based on that record, right? Well, he didn't agree to a sentencing based on a faulty PSR. The PSR wasn't issued. He agreed to a sentencing on the PSR that existed and the probation report, correct? No, Your Honor. When he entered into the fast-track agreement, there was no PSR yet. No, of course not. But he agreed in the fast-track agreement to be sentenced on the PSR as it was prepared. As it would be prepared. Well, I mean, assuming it wasn't faulty. I mean, if there was a mistake in the PSR, he, of course, reserved the right to object to that. And he objected to it. Right. All right. And here the PS – He didn't say, and furthermore, I don't agree to plea unless you produce the warrant. That's right. All right. And here also, to be clear, the PSR said that it had ordered the warrant and it was waiting for its production. All right. The Court has no further questions. No further questions. Thank you. Well, I have one further – I have one further question, counsel. It relates to a comment of the government's lawyer, and that is, okay, if here he did not file a written objection to the PSR, which is what counsel argued, but she said that he made an objection in the – like in open court. Right. So my question is, is an oral objection in court as contrasted with written objections to the PSR? Is that adequate to preserve the issue? Yes, Your Honor. I believe counsel is referring to Rule 32, which normally requires written objections, unless a good cause is shown. So at the sentencing hearing, the government could have objected to trial counsel's oral objection, but they didn't. And moreover, if there had been an objection, trial counsel had a pretty good reason to wait, and that was because we were waiting for production of the warrant. And that's what that unpublished case I cited the Court to says. And I realize that case is unpublished, but its reasoning makes sense. That is, when there's a dispute about the characterization of a warrant or a document and the probation office is ordering that document, we're entitled to wait until sentencing to see what that document says.  Okay. Thank you. Thank you, Your Honors. The case of the United States versus at Monday, Sanchez will be submitted. And we'll go to the next calendar, which is Gene Leonard Harris versus Sandra Whitman.
judges: Molloy, Gould, Bea